DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637 3680
Fax: (510) 637-3724
Email: Maureen.Bessette@usdoj.gov

Attorneys for United States of America

DENIED

*Kandis Westmore*
U.S. Magistrate Judge

Please file denial. The Court will permit it to be filed under seal if an application is submitted.

KAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE:

REQUEST FROM POLAND IN THE CRIMINAL MATTER OF J.A. GONZALES & SON CONSTRUCTION, INC.,

CASE NO. CR 20-90150 MISC

Application for Order Pursuant to 18 U.S.C. § 3512 for Appointment of Commissioner to Execute Foreign Legal Assistance Request

The United States is seeking an Order appointing Assistant United States Attorney Maureen C. Bessette to be a Commissioner to collect evidence requested by Poland ("the Request") and to seek other Orders, as needed, to execute the Request, as authorized by 18 U.S.C. § 3512.[1] The Court has authority pursuant to 18 U.S.C. § 3512 and the Court's own inherent authority to appoint Assistant U.S. Attorney

FILED
FEB 12 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

---

[1] The United States has a Mutual Legal Assistance Treaty with Poland. *See* Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) ("the Treaty").

APPLICATION FOR ORDER

1

Bessette as Commissioner to take such actions as are required to execute the above-captioned request.

DATED: February 11, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____
MAUREEN C. BESSETTE
Assistant United States Attorney

APPLICATION FOR ORDER

2

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email: Maureen.Bessette@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: | CASE NO. KAW |
| | *Memorandum of Points + Authorities in support of* |
| REQUEST FROM POLAND IN THE CRIMINAL MATTER OF J.A. GONSALVES & SON CONSTRUCTION, INC., | Appointment of Commissioners to Execute Foreign *Application* Legal Assistance Request *for* |

INTRODUCTION

The United States is seeking an Order appointing Assistant United States Attorney Maureen C. Bessette to be Commissioner to collect evidence requested by Poland ("the Request") and to seek other Orders, as needed, to execute the Request, as authorized by 18 U.S.C. § 3512.[1]

    A.  <u>Request for Production of Criminal Evidence Located in the NDCA</u>

On July 17, 2019, the Central Authority of Poland, the National Prosecutor's Office, submitted

---

[1] The United States has a Mutual Legal Assistance Treaty with Poland. *See* Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) ("the Treaty").

MEMO OF POINTS AND AUTHORITIES

1

the Request for assistance, pursuant to the Treaty. As stated in the Request, the District Prosecutor's Office for Łódź-Srodmiescie, requested legal assistance from the United States Department of Justice, Office of International Affairs, in its criminal investigation into a counterfeit check from payor J.A. Gonsalves & Son Construction, Inc. ("J.A. Gonsalves"). According to the Request, victim Polish national Helena Sochaj met "Alvin Ramsey" on Facebook, where Ramsey purported to be an American soldier. Sochaj and "Alvin Ramsey" communicated via Facebook and the app Hangouts. In October 2018, Ramsey asked Sochaj to help him cash a check he said he received from a person who owed him money. The check was from the Bank of Marin, dated November 13, 2018, with the payor J.A. Gonsalves, the payee Sochaj, the amount $12,500 written in words, and the amount $13,500 written in digits. Sochaj attempted to cash the check on November 19, 2018 at the Bank of Polska Kasa Opieki S.A., in Poland. The Bank of Marin and Wells Fargo Bank (the correspondent bank) determined that the check was forged, and refused to pay.

Sochaj told "Alvin Ramsey" she could not cash the check but he provided no explanation as to why the check could not be cashed. Polish authorities are trying to obtain information about the forged fraudulent check issued by J.A. Gonsalves, located in Napa, California, to Helena Sochaj in the amount of $12,500/$13,500, in violation of Article 310, §1 and §2 of the Polish Criminal Code. Poland has asked the United States to (1) obtain the original check and any documentation regarding whether it was forged or fraudulent; (2) interview a representative of the Bank of Marin regarding the check; (3) interview a representative of J.A. Gonsalves; and (4) determine whether there are/were any criminal investigations relating to checks issued by J.A. Gonsalves.

Under the Treaty, the United States is obligated to assist in response to the Request. The undersigned seeks to be appointed Commissioners by this Court pursuant to 18 U.S.C. § 3512, in order to issue and serve Commissioner Subpoenas on the Bank of Marin and J.A. Gonsalves and to determine the additional information requested by Poland.

B. <u>Authority to Grant the Request for Assistance Under Applicable Law</u>

MEMO OF POINTS AND AUTHORITIES

2

Pursuant to applicable statutory authority, treaty authority, and its inherent authority, federal courts may issue orders as necessary for the production of evidence requested by foreign countries, including issuing orders appointing a person to act as a Commissioner to gather such evidence. *See* 18 U.S.C. § 3512 and the Treaty.

A treaty constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. *See Asakura v. City of Seattle*, 265 U.S. 332, 341 (1924); *United States v. The Peggy*, 5 U.S. 103 (1801); *United States v. Emuegbunam*, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." *United States v. Stuart*, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. *Zschernig v. Miller*, 389 U.S. 429, 440-41 (1968).

The United States and Poland entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. *See* Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5(1) ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.").

When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation

MEMO OF POINTS AND AUTHORITIES

3

or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\*       \*       \*

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

\*       \*       \*

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. *See In re Request from the United Kingdom*, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. *See, e.g.*, 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements

MEMO OF POINTS AND AUTHORITIES

4

itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

C. <u>The present request qualifies for assistance pursuant to applicable statutory authority</u>

The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request

---

between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

MEMO OF POINTS AND AUTHORITIES

5

has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the National Prosecutor's Office, the designated Central Authority in Poland, and seeks assistance in the investigation of this forged/fraudulent check in violation of Article 310, §1 and §2 of the Polish Criminal Code, a criminal offense in Poland. The requested Order is necessary to execute the Request, and the assistance requested, *i.e.*, obtaining further documentary and witness testimony regarding the forged/fraudulent check, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application filed in the Northern District of California where the Bank of Marin and J.A. Gonsalves exist.

This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters. The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of a request. Specifically, Article 5(5) provides that: "The Requested State shall use its best efforts to keep confidential a request and its contents if such confidentiality is requested by the Central Authority of the Requesting State."

When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (*i.e.*, grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (*i.e.*, no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting state, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. *Young v. U.S. Dept. of Justice*, 882 F.2d 633,

MEMO OF POINTS AND AUTHORITIES

6

639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned Assistant U.S. Attorney Maureen C. Bessette as Commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

## CONCLUSION

Accordingly, the government respectfully requests that this Application be granted and the accompanying Order Appointing the Commissioner be issued.

DATED: February 11, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

MAUREEN C. BESSETTE
Assistant United States Attorney

MEMO OF POINTS AND AUTHORITIES

7

COMMISSIONER'S SUBPOENA DUCUS TECUM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
CASE NO. CR _____ MISC

ISSUED TO: Joseph Anthony Gonsalves

I, Commissioner Maureen C. Bessette, Assistant United States Attorney for the Northern District of California, acting under authority of Title 18, United States Code, Section 3512, as well as a Commission from a Federal Judge, for the purpose of rendering assistance to Poland, command that you appear before AUSA Bessette at the United States Attorney's Office, located at 1301 Clay Street, Suite 340S, Oakland, California 94612, on February ___, 2020, at 10:00 a.m. to 5:00 p.m., for inquiry in the Matter of J.A. Gonsalves & Son Contruction, involving a counterfeit check in violation of Article 310, §1 and §2, Polish Criminal Code.

For failure to attend and provide testimony and/or said records, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

DATE: February ___, 2020

_____
Maureen C. Bessette
Appointed Commissioner
U.S. Attorney's Office, Northern District of California
Telephone: (510) 637-3691

COMMISSIONER'S SUBPOENA

Issued under authority of an Order of the United States District Court
For the Northern District of California
Title 18, United States Code, Section 3512

RETURN OF SERVICE

UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of:

Personal delivery to an individual, to wit:

(Name) _____

(Title) _____

(Address) _____

personal delivery to an address, to wit:

(Description of premises) _____

(Address) _____

registered or certified mailing to:

(Name) _____

(Address) _____

( ) a.m., at _____ ( ) p.m. on _____

(SIGNATURE) _____

(TITLE) _____

(DATE) _____

Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the United States District Court.

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MAUREEN C. BESSETTE (CABN 165775)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       Fax: (510) 637-3724
        Email: Maureen.Bessette@usdoj.gov
8
   Attorneys for United States of America
9

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                                  OAKLAND DIVISION

13  IN RE:                              )  CASE NO.
                                        )
14  REQUEST FROM BRAZIL IN THE          )  [PROPOSED] Order Appointing Commissioner and
    CRIMINAL MATTER OF J.A. GONSALVES   )  Placing Matter Under Seal
15  & SON CONSTRUCTION,                 )
                                        )
16  _____ )

17       Upon application of the United States, and upon review of the request seeking evidence pursuant

18  to a request for legal assistance made by Poland to the United States, and the Court having fully

19  considered this matter,

20       IT IS HEREBY ORDERED, pursuant to the authority conferred by 18 U.S.C. § 3512 and this

21  Court's inherent authority, that Assistant United States Attorney Maureen C. Bessette is appointed

22  Commissioner of this Court for purposes of executing the request from the requesting foreign authorities

23  to collect evidence, including the obtaining of bank records and the taking of statements and, if needed,

24  testimony, and to take other acts as necessary to comply with the treaty request. In executing the

25  request, the following rules shall govern:

26     1. The Commissioner may issue a Commissioner's Subpoena to be served within the United States

27        ordering a person or company to appear, testify, and produce evidence; and the Commissioner

28        may administer oaths in the taking of evidence;

ORDER APPOINTING COMMISSIONER
                                            1

2. The Commissioner may adopt procedures to collect the evidence requested by the requesting foreign authorities in their request, using procedures provided by treaty, if any;

3. The Commissioner may be accompanied by or represented by persons in the collection of the evidence, including agents of the Federal Bureau of Investigation, and may be accompanied by representatives of the requesting foreign authorities;

4. A person or company can object by motion timely filed with this Court;

5. The Commissioner may seek such further orders of this Court as are necessary to execute the Request, including orders to show cause why persons served with Commissioner Subpoenas who fail to appear and/or produce evidence should not be held in contempt, and protective orders to regulate the use of evidence collected; and

6. The Commissioner shall certify and submit the evidence collected to the U.S. Department of Justice, or as otherwise directed, for transmission to the requesting foreign authorities.

DATED: February __, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge
Northern District of California

ORDER APPOINTING COMMISSIONER

2